IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

IN RE:
                                       *

MINH VU HOANG
THANH HOANG                    *
      Debtors                        Bankruptcy No. 05-21078-TJC
                             *        Bankruptcy No. 05-25738-TJC

                             *        Jointly Administered Under
                                    Bankruptcy No. 05-21078-TJC
                             *

                     *     *     *     *     *

GARY A. ROSEN, TRUSTEE
One Church Street, Suite 802        *
Rockville, Maryland 20850
                             *

     vs.
                             *

BAY GENERAL PARTNERSHIP
9101 Clewerwall Drive            *
Bethesda, Maryland 20817
     and                    *
ALEXANDER KHANH ANH LE
9812 Falls Road, #114-221       *
Potomac, Maryland 20854
     and                    *
UY THIEN HOANG
13800 Aston Manor Drive, No.7  *
Silver Spring, Maryland 20904
     and                    *
JOSEPH V. BUONASSISSI, II
SUBSTITUTE TRUSTEE        *
1861 Wiehle Avenue, Suite 300
Reston, Virginia 20190           *
     and
RICHARD E. HENNING, JR.,    *
SUBSTITUTE TRUSTEE
1861 Wiehle Avenue, Suite 300   *
Reston, Virginia 20190
     and                    *
RICHARD A. LASH,
SUBSTITUTE TRUSTEE        *
1861 Wiehle Avenue, Suite 300

Reston, Virginia 20190                                    *
    and
MARY SNYDER BARRY,                                        *
SUBSTITUTE TRUSTEE
1861 Wiehle Avenue, Suite 300                            *
Reston, Virginia 20190
    and                                                 *
KEITH M. YACKO,
SUBSTITUTE TRUSTEE                                        *
1861 Wiehle Avenue, Suite 300
Reston, Virginia 20190                                    *

             *  *  *  *  *  *  *  *  *  *  *  *  *

## COMPLAINT FOR DECLARATORY RELIEF, TURNOVER OF PROPERTY AND FOR SALE OF PROPERTY FREE AND CLEAR OF CLAIMS AND INTERESTS

COMES NOW, Gary A. Rosen, Trustee, by and through his undersigned counsel, and in support of his *Complaint for Declaratory Relief, Turnover of Property, and for Sale of Property Free and Clear of Claims and Interests,* respectfully states the following:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. § 1334, 28 U.S.C. § 157 and U.S. District Court Local Rule No. 402.  Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A), (E) (N) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### Parties

2.  On May 10, 2005, the Debtor Minh Vu Hoang filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA (the "Minh Case") and an Order for Relief thereupon was entered.  By Order of this Court entered October

2

28, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3. On July 12, 2005, the debtor Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA (the "Thanh Case") and an Order for Relief thereupon was entered. By Order of this Court entered September 22, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

4. By Order entered August 31, 2005 in the case of Minh Vu Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 11 Trustee therein. By further Order entered August 31, 2005, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

5. By Order entered September 23, 2005 in the case of Thanh Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

6. By Order entered September 28, 2005 in both of the above cases, this Court Ordered joint administration of the instant proceedings under Case No. 05-21078-NVA.

7. The Defendant Bay General Partnership (hereinafter "Bay GP") is an alleged general partnership with a business address noted in the above caption hereof.[1]

8. The Defendant Uy Thien Hoang (hereinafter "Uy Hoang") is an adult resident of the State of Maryland whose residential address is in the above caption hereof. Uy Hoang is the son of the Debtors Minh Vu Hoang and Thanh Hoang.

---

[1] Three unsigned versions of Bay General Partnership Agreements were found at 7915 Jensen Road. One version indicates Alex Le and Edith Purdie as partners with regard to a property located at 5955 Hil Mar Drive, District Heights, Maryland. Two versions indicate the General Partner as Uy Thien Hoang. (See copies attached hereto and incorporated by reference herein as "Exhibit 1, 2, and 3") As the Court will recall, 7915 Jensen Place is a property titled in the name of Minh Vu Hoang's siblings, Hao Q. Vu and Hung Vu. Said location has been utilized in the past by the Debtor Minh Vu Hoang as an alternative business address and was the subject of a search warrant and record seizure by federal law enforcement authorities separately investigating the affairs of Minh Vu Hoang.

9.  The Defendant Alexander Khanh Anh Le (hereinafter "Alex Le") is an adult resident of the State of Maryland whose last known residential address is in the above caption hereof.[2] Further, your Trustee notes that Alex Le is the known agent, alter-ego and confederate of Minh Vu Hoang in the conduct and operation of her business affairs and those of various Vu family entities.

10.  The Defendants Joseph V. Buonassissi, II, Richard E. Henning, Jr., Richard A. Lash, Mary Snyder Barry, and Keith M. Yacko, Substitute Trustees employed or associated with the Law Offices of Buonassissi, Henning & Lash, P.C., (hereinafter collectively "Buonassissi"), are the Substitute Trustees appointed in the foreclosure proceedings known as Case No. 02-C-05-104383-FC in the Circuit Court for Anne Arundel County, Maryland.  The said Defendants are attorneys at law duly admitted to practice in the State of Maryland and maintaining business offices at that address noted in the caption hereof.

**Facts Common to All Counts**

*Overview of Factual Background of Complaint*

11.  As hereinafter explicated in detail, the instant complaint reviews the machinations of Debtor Minh Vu Hoang, her family members, business associates and related entities, in the laundering and conversion of substantial property and monies belonging to the Debtors Minh Vu Hoang and Thanh Hoang into property now titled in the name of the Defendant Bay GP.  Specifically, during the pendency of the instant bankruptcy proceedings, the debtors Minh Vu Hoang and Thanh Hoang caused hundreds of thousands of dollars of monies controlled and owned by the bankruptcy estates herein

---

[2] Upon information and belief while under investigation, Defendant Alex Le fled from the United States and now is believed to be living in Vietnam.

to be utilized for the purchase of certain real properties located at 7331 Shady Glen Terrace, Capitol Heights, Maryland 20743 (hereinafter "Shady Glen") and 2005 Wolf Street, Fort Washington, Maryland 20744 (hereinafter "Wolf Street") with assets belonging to the Plaintiff/Trustee and the Estates herein.  Following the purchase of Shady Glen and Wolf Street, the Debtors Minh Vu Hoang and Thanh Hoang acting through their associates and related business entities caused Shady Glen and Wolf Street to be sold and diverted over $440,000.00 of sale proceeds thereof to facilitate the purchase by Defendant Bay GP of other real property located at 617 Tayman Drive, Annapolis, Maryland 21401 (hereinafter "Tayman Drive")

12.  As hereinafter detailed, the Debtor Minh Vu Hoang, acting through her alter-ego, Bay GP, is in a position to sell, encumber or transfer record title of Tayman Drive and garner the proceeds thereof solely for the benefit of Bay GP to the exclusion and detriment of the Bankruptcy Estates herein and all creditors thereof.

### The Purchase of Shady Glen

13.  On or about June 17, 2004 Cindy R. Diamond and Bruce D. Brown, Substitute Trustees, employed by or associated with the law firm of Siskind, Grady, Rosen & Hoover, P.A., (hereinafter individually and collectively referred to as "Siskind") caused Shady Glen to be sold at public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Prince George's County, Maryland and captioned as *Cindy R. Diamond, et al., Substitute Trustees, Plaintiffs v. Sedley A. Randolph, et al., Defendants* (Civil No. CAE 05-02355).

14.  At the sale conducted as aforesaid, Millwood General Partnership (hereinafter "Millwood GP") represented by the Debtor Minh Vu Hoang in the stated capacity of

"Agent," was the successful bidder for Shady Glen with a high bid of $165,000.00.  See *Millwood General Partnership Agreement* attached hereto and incorporated by reference herein as "Exhibit 4."[3]  Also see *Memorandum of Purchase at Public Auction* attached hereto and incorporated by reference herein as "Exhibit 5."

15.  As set forth the in the *Advertisement of Sale* for Shady Glen the deposit required to be paid by the successful purchaser was in the amount of $10,000.00.  See *Advertisement of Sale* which is attached to "Exhibit 5."  Millwood GP, acting through the Debtor Minh Vu Hoang, tendered a deposit unto Siskind in the aggregate amount of $10,190.00.  Said deposit tendered by Millwood GP for Shady Glen was comprised of the following:

A.  Bank of America Official Check No. 1777693 dated February 2, 2005 in the amount of $2,000.00 payable to "Thanh Hoang" ("Shady Glen Deposit Instrument No. 1").

B.  Credit Union Family Services Center Official Check No. 220-103347 dated February 12, 2005 in the amount of $5,000.00 payable to "Minh Vu" ("Shady Glen Deposit Instrument No. 2").

C.  Bank of America Personal Money Order No. 1255262 dated February 4, 2005 in the amount of $1,000.00 payable to "Alex Cooper Auctioneers" ("Shady Glen Deposit Instrument No. 3").  See copy of Shady Glen Deposit Instruments No. 1, No. 2, & No. 3 attached hereto and collectively incorporated by reference herein as "Exhibit 6."

D.  Sandy Spring Bank Official Check No. 983656808 dated March 4, 2005 in the

---

[3] Interestingly, the Partnership Agreement refers to Millwood as both a general and a limited partnership despite the fact that the attempt to create a partnership obviously fails as the entity has only one partner, Thanh Hoang.  In any event, all of the interests of the said Millwood now are vested in your Plaintiff/Trustee who has succeeded to the ownership of all of the partnership interests in Millwood as formerly owned by the Debtors Minh Vu Hoang and Thanh Hoang.

amount of $2,190.00 payable to "Min Vu Hoang" ("Shady Glen Deposit Instrument No. 4").  See copy of Shady Glen Deposit Instrument No. 4 attached hereto and collectively incorporated by reference herein as "Exhibit 7."

### Shady Glen Deposit Instrument No. 1

16.  Examination of Shady Glen Deposit Instrument No. 1 reveals that the same is an official check issued by Bank of America on February 2, 2005 in the amount of $2,000.00 and payable to "Thanh Hoang."

17.  On its face, said check in the amount of $2,000.00 is the property of the Estates of Minh Vu Hoang and Thanh Hoang.

18.  All of the monies represented by Shady Glen Deposit Instrument No. 1 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Shady Glen Deposit Instrument No. 1 are the property of the Defendants herein.

### Shady Glen Deposit Instrument No. 2

19.  Examination of Shady Glen Deposit Instrument No. 2 reveals that the same is an official check issued by Credit Union Family Service Center on February 12, 2005 in the amount of $5,000.00 and payable to "Minh Vu."

20.  On its face, said check in the amount of $5,000.00 is the property of the Estates of Minh Vu Hoang and Thanh Hoang.

21.  All of the monies represented by Shady Glen Deposit Instrument No. 2 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and

Thanh Hoang. None of the monies evidenced by Shady Glen Deposit Instrument No. 2 are the property of the Defendants herein.

## Shady Glen Deposit Instrument No. 3

22. Examination of Shady Glen Deposit Instrument No. 3 reveals that the same is a Personal Money Order issued by Bank of America on February 4, 2005 in the amount of $1,000.00 and payable to "Alex Cooper Auctioneers." At the present time, and in the absence of discovery and compulsory process, your Plaintiff is unable to provide any documentation or information concerning the provenance of said funds.

23. Upon information and belief, your Plaintiff avers that all of the monies represented by Shady Glen Deposit Instrument No. 3 will prove to be the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang. None of the monies evidenced by Shady Glen Deposit Instrument No. 3 will prove to be the property of the Defendants herein.

## Shady Glen Deposit Instrument No. 4

24. Examination of Shady Glen Deposit Instrument No. 4 reveals that the same is an official check issued by Sandy Spring Bank on March 4, 2005 in the amount of $2,190.00 and payable to "Min Vu Hoang."

25. On its face, said check in the amount of $2,190.00 is the property of the Estates of Minh Vu Hoang and Thanh Hoang.

26. All of the monies represented by Shady Glen Deposit Instrument No. 4 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and

Thanh Hoang.  None of the monies evidenced by Shady Glen Deposit Instrument No. 4 are the property of the Defendants herein.

### Closing on the Purchase of Shady Glen

27.  Closing was concluded on said sale by Siskind on or about June 2, 2005 as appears by that executed *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 8."

28.  Millwood GP acting through Van Vu General Partnership tendered unto Siskind settlement proceeds in the amount of $149,667.01.[4]  Said sum was tendered unto Siskind as follows: Access National Bank Wire from Central Processing Center Account in the amount of $149,667.01 dated June 2, 2005 with the beneficiary listed as "Siskind, Grady, Rosen & Hover, PA" (the "Shady Glen Settlement Instrument").[5]  A copy of the Shady Glen Settlement Instrument is attached hereto and incorporated by reference herein as "Exhibit 10."

### The Substituted Purchaser for Shady Glen

29.  Prior to the above described settlement with the Substitute Trustees, the Debtor and Millwood GP negotiated a sale of Shady Glen to a third party purchaser, Monifa S. Ahmed.  In order to effect the same, the said Millwood GP filed its *Motion for Substitution of Purchaser* in the Circuit Court for Prince George's County, seeking authority to substitute the said Monifa S. Ahmed as the foreclosure sale purchaser

---

[4]Van Vu GP is a Maryland General Partnership whose partners were the Debtor Minh Vu Hoang and her siblings Van T. Vu and Hao Vu, as appears by reference to that Partnership Agreement for Van Vu GP attached hereto and incorporated by reference herein as "Exhibit 9."  Of course, all of the interests of the said Van T. Vu and Hao Vu in Van Vu GP are now vested in your Plaintiff/Trustee by virtue of the terms of that Settlement Agreement resolving the Trustee's *Motion for Substantive Consolidation* of the individual Chapter 11 cases of Van T. Vu and Hao Vu (Case Nos. 05-26521 and 05-26765, respectively) with the Bankruptcy Estates herein.

[5] An examination of the reference section at the bottom of Settlement Instrument No. 1 reveals the language "ASSNGMENT OF FUNDS…….F ROM VAN VU GP TO PURCHASE 7331 SHADY LEN TERRACE."

thereof.  By its *Order* entered June 1, 2005, said Circuit Court approved the requested

substitution of purchaser.  See copy of said *Order* attached hereto and incorporated herein

as "Exhibit 11."

30.  Shortly after the closing described above, Siskind issued its *Substitute*
*Trustee's Deed* to Monifa S. Ahmed on or about June 6, 2005, as appears by reference to

that *Substitute Trustee's Deed* of that date recorded among the Land Records of Prince

George's County, Maryland at Liber 23351, folio 083.  The recordation date for said

*Substitute Trustee's Deed* is November 2, 2005.  See copy of said *Substitute Trustee's*

*Deed* attached hereto and incorporated by reference herein as "Exhibit 12."

31.  On or about June 23, 2005, closing was conducted on the sale by Millwood
GP to Monifa S. Ahmed for the gross sum of $215,000.00 as evidenced by that executed

*HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as

"Exhibit 13."  The closing on the sale of Shady Glen to Monifa S. Ahmed was conducted

by Central Processing Center (hereinafter "Central") as is further evidenced by Exhibit

13.

32.  In connection with that settlement conducted as aforesaid, Central caused said
sum of $153,869.11 to be wire-transferred to Buonassissi, Henning & Lash on June 23,

2005.  As is hereinafter explicated, said sum was utilized by Buonassissi in connection

with the purchase of Tayman Drive by Bay GP.

### The Purchase of Wolf Street

33.  On or about January 7, 2005, Thomas P. Dore, Mark S. Devan, Michael T.
Pate, Jennifer Matthews Herring, and Yona T. Openden, Substitute Trustees, employed

by or associated with the law firm of Covahey, Boozer, Devan & Dore, P.A., (hereinafter

individually and collectively referred to as "Covahey") caused Wolf Street to be sold at

public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Prince George's County, Maryland and captioned as *Thomas P. Dore, et al., Substitute Trustees, Plaintiffs v. Marion B. Ellerbee, et al., Defendants* (Case No. CAE 04-25849).

34.  At the sale conducted as aforesaid, Rosecroft General Partnership (hereinafter "Rosecroft GP") represented by Alex Le in the stated capacity of "Agent," was the successful bidder for Wolf Street with a high bid of $201,000.00.[6]  See *Memorandum of Purchase at Public Auction* attached hereto and incorporated by reference herein as "Exhibit 15."

35.  As set forth in the *Advertisement of Sale* for Wolf Street (attached to Exhibit 15), the deposit required to be paid by the successful purchaser was in the amount of $25,000.00.  Rosecroft GP, acting through Alex Le, tendered a deposit unto Covahey in the aggregate amount of $25,000.00.  Said deposit tendered by Rosecroft GP for Wolf Street was comprised of the following:

A.  SunTrust Official Check No. 4958008244 dated January 7, 2005 in the amount of $10,000.00 payable to "Minh Vu Hoang or Alex Le" ("Wolf Street Deposit Instrument No. 1").

B.  SunTrust Official Check No. 4958008246 dated January 7, 2005 in the amount of $15,000.00 payable to "Minh Vu Hoang or Alex Le" ("Wolf Street Deposit Instrument No. 2").  See copies of Wolf Street Deposit Instruments No.1 & 2 attached hereto and

---

[6] Your Plaintiff/Trustee's investigation has unearthed a single unsigned Partnership Agreement for Rosecroft GP.  See copy of the agreement attached hereto and marked as "Exhibit 14."  However, the partnership agreement refers to Rosecroft GP as both a general and a limited partnership despite the fact that the attempt to create a partnership obviously fails as the entity has only one partner, Minh Vu Hoang.  In any event, all of the interests of the said Rosecroft GP now are vested in your Plaintiff/Trustee who has succeeded to the ownership of all of the partnership interests in Rosecroft GP as formerly owned by the Debtors Minh Vu Hoang and Thanh Hoang.

collectively incorporated by reference herein as "Exhibit 16."

## Wolf Street Deposit Instrument No. 1

36.  Examination of Deposit Instrument No. 1 reveals that the same is an official check issued by SunTrust Bank on January 7, 2005 in the amount of $10,000.00 and payable to "Minh Vu Hoang or Alex Le."

37.  On its face, said check in the amount of $10,000.00 is the property of the Estates of Minh Vu Hoang and Thanh Hoang.

38.  All of the monies represented by Wolf Street Deposit Instrument No. 1 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Wolf Street Deposit Instrument No. 1 are the property of the Defendants herein.

## Wolf Street Deposit Instrument No. 2

39.  Examination of Wolf Street Deposit Instrument No. 2 reveals that the same is an official check issued by SunTrust Bank on January 7, 2005 in the amount of $15,000.00 and payable to "Minh Vu Hoang or Alex Le."

40.  On its face, said check in the amount of $15,000.00 is the property of the Estates of Minh Vu Hoang and Thanh Hoang.

41.  All of the monies represented by Wolf Street Deposit Instrument No. 2 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Wolf Street Deposit Instrument No. 2 are the property of the Defendants herein.

### Closing on the Purchase of Wolf Street

42. Following the auction sale as described aforesaid, Covahey filed its *Report of Sale* with the Circuit Court for Prince George's County, Maryland; which said *Report of Sale* ultimately was ratified by that Court by its *Order* dated March 14, 2005 (see copy of *Final Ratification of Sale and Referral to the Auditor* attached hereto and incorporated by reference herein as "Exhibit 17."

43. Closing ultimately was concluded on said sale by Covahey on or about June 1, 2005 as appears by that executed *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 18."

44. The Debtor Minh Vu Hoang acting through Rosecroft GP tendered unto Covahey settlement proceeds in the amount of $183,557.53. Upon information and belief, said closing was conducted by the Debtor Minh Vu Hoang on behalf of Minbilt Realty, Inc as settlement agent. *See* "Exhibit 18." Said sum was tendered unto Covahey as follows: SunTrust Official Check No. 4958008961 dated June 1, 2005 in the amount of $183,557.53 payable to "Covahey & Dore P.A." (the "Wolf Street Settlement Instrument"). See copy of the Wolf Street Settlement Instrument attached hereto and collectively incorporated by reference herein as "Exhibit 19." [7]

### Post Closing Activities Regarding Wolf Street

45. Following closing upon the purchase of Wolf Street, but prior to accepting a deed from Covahey, the Debtor and Rosecroft GP negotiated a sale of Wolf Street to a

---

[7] Trustee's investigation has discovered that the Wolf Street Settlement Instrument was one of two Official Checks purchased from Lamberton Limited Partnership's SunTrust Bank Account No. XXXXXXXXX5913, on June 1, 2005. The sole authorized signatories on this account are Minh Vu Hoang and Thanh Hoang. See a copy of the *Business Account Signature Card* reflecting the account signatories and the *Account Statement* showing the withdrawal of $361,769.36 attached hereto and collectively marked as Exhibit "20." The other Official Check in the amount of $178,211.83 was used to purchase real property located at 6707 Freeport Avenue, Riverdale, Maryland 20737.

third party, Albert Lee Nash.  In order to effect the same, the said Rosecroft GP filed its *Motion for Substitution of Purchaser* in the Circuit Court for Prince George's County, Maryland seeking authority to substitute the said Albert Lee Nash as the foreclosure sale purchaser thereof.  By its *Order* entered June 10, 2005, said Circuit Court approved the requested substitution of purchaser.  See copy of said *Order* attached hereto and incorporated herein as "Exhibit 21."

46.  On or about June 24, 2005 Rosecroft GP settled on the sale of Wolf Street to Arnold Lee Nash for the sum of $295,000.00 as evidenced by that executed *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 22."  The closing on said sale was conducted by Central Processing Center (hereinafter "Central") as is further evidenced by Exhibit 22.

47.  In connection with that settlement conducted as aforesaid, Central caused said sum of $287,214.84 to be wire-transferred to Buonassissi on June 27, 2005.  As is hereinafter explicated, said sum was utilized by Buonassissi in connection with the purchase of Tayman Drive by Bay GP.

### The Purchase of Tayman Drive

48.  On or about April 19, 2005 Joseph V. Buonassissi, II, *et al.,* Substitute Trustees, employed by or associated with the law firm of Buonassissi caused Tayman Drive to be sold at public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Anne Arundel County, Maryland and captioned as *Joseph V. Buonassissi, II et al., Substitute Trustees, Plaintiffs v. Leroy Emory Jr., et al., Defendants* (Case No. 02-C-05-104383-FC, hereinafter the "foreclosure case.")

49.  At the sale conducted as aforesaid, Bay GP represented by Alex Le in the stated capacity of "Agent," was the successful bidder for Tayman Drive with a high bid

of $446,000.00.  See *Memorandum of Purchase at Public Auction* and the *Auctioneer's Certificate and Memorandum of Trustee's Foreclosure Sale* attached collectively hereto and incorporated by reference herein as "Exhibit 23."

50.  As set forth in the *Advertisement of Sale* for Tayman Drive, the deposit required to be paid by the successful purchaser was in the amount of $12,500.00.  See copy of *Advertisement of Sale* attached hereto and incorporated by reference herein as "Exhibit 24." Bay GP, acting through Alex Le, tendered a deposit unto Buonassissi in the aggregate amount of $12,776.00 or some $276.00 in excess of the required deposit.  Said deposit tendered by Bay GP for Tayman Drive was comprised of the following:

A.  SunTrust Official Check No. 4958008734 dated April 19, 2005 in the amount of $10,000.00 payable to "Minh Vu Hoang or Alex Le" ("Tayman Drive Deposit Instrument No. 1").

B.  Bank of America Cashier's Check No. 1778127 dated March 14, 2005 in the amount of $776.00 payable to "Thanh Hoang" ("Tayman Drive Deposit Instrument No. 2").  See copy of Tayman Drive Deposit Instrument No. 1 and No. 2 attached hereto and collectively incorporated by reference herein as "Exhibit 25."

C.  Currency in the amount of $2,000.00.  See Exhibit 23, specifically page 2 of the *Auctioneer's Certificate and Memorandum of Trustee's Foreclosure Sale.*

**Tayman Drive Deposit Instrument No. 1**

51.  Examination of Tayman Drive Deposit Instrument No. 1 reveals that the same is an official check issued by SunTrust Bank on April 19, 2005 in the amount of $10,000.00 and payable to "Minh Vu Hoang or Alex Le."

52.  On its face, said check in the amount of $10,000.00 is the property of the Estates of Minh Vu Hoang and Thanh Hoang.

53.  All of the monies represented by Tayman Drive Deposit Instrument No. 1 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Tayman Drive Deposit Instrument No. 1 are the property of the Defendants herein.

### Tayman Drive Deposit Instrument No. 2

54.  Examination of Tayman Drive Deposit Instrument No. 2 reveals that the same is a cashier's check issued by Bank of America on March 14, 2005 in the amount of $776.00 and payable to "Thanh Hoang."

55.  On its face, said check in the amount of $776.00 is the property of the Estates of Minh Vu Hoang and Thanh Hoang.

56.  All of the monies represented by Tayman Drive Deposit Instrument No. 2 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Tayman Drive Deposit Instrument No. 2 are the property of the Defendants herein.

### Tayman Drive Deposit Instrument No. 3

57.  As noted aforesaid, Tayman Drive Deposit Instrument No. 3 is cash in the amount of $2,000.00.  At the present time, and in the absence of discovery and compulsory process, your Plaintiff/Trustee is unable to provide any documentation or information concerning the provenance of said funds.

58.  Upon information and belief, your Plaintiff avers that all of the monies represented by Tayman Drive Deposit Instrument No. 3 will prove to be the property of the Estates of the Plaintiff/Trustee herein.  Nonetheless, Tayman Drive Deposit

Instrument No. 3 was applied in its entirety towards the purchase of Tayman Drive by Bay GP.

### *Closing on the Purchase of Tayman Drive*

59.  Following the auction sale as described aforesaid, Covahey filed its *Report of Sale and Affidavit of Fairness of Sale and Truth of Report of Sale* with the Circuit Court for Ann Arundel County, Maryland; see copy of *Report of Sale and Affidavit of Fairness of Sale and Truth of Report of Sale* attached hereto and incorporated by reference herein as "Exhibit 26."

60.  Closing ultimately was concluded on said sale by Buonassissi on or about June 27, 2005 as appears by that executed *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 27."

61.  The Debtor Minh Vu Hoang acting through Bay GP tendered unto Buonassissi settlement proceeds in the amount of $441,083.95.  Upon information and belief, said closing was conducted by the Debtor Minh Vu Hoang on behalf of Minbilt Realty, Inc., as settlement agent.  *See* "Exhibit 27."  Said sum was tendered unto Buonassissi as follows:

A.  SunTrust Banks Credit Confirmation of a wire from Access National Bank Central Processing Center Account in the amount of $153,869.11 dated June 27, 2005 with the beneficiary listed as "Buonassissi, Henning & Lash, P.C.," Account No. XXXXXXXXX0867.  ("Tayman Drive Settlement Instrument No. 1").  A copy of Tayman Drive Settlement Instrument No. 1 is attached hereto and incorporated by reference herein as "Exhibit 28."

B.  SunTrust Banks Credit Confirmation of a wire from Access National Bank

Central Processing Center Account in the amount of $287,214.84 dated June 27, 2005

with the beneficiary listed as "Buonassissi, Henning & Lash, P.C.," Account No.

XXXXXXXXX0867. ("Tayman Drive Settlement Instrument No. 2").  A copy of

Tayman Drive Settlement Instrument No. 2 is attached hereto and incorporated by

reference herein as "Exhibit 29."

### Tayman Drive Settlement Instrument No. 1

62.  Tayman Drive Settlement Instrument No. 1 reveals that the same is a wire

confirmation from the beneficiary Buonassissi of a wire received on June 27, 2005 in the

amount of $153,869.11 originated from Central Processing Center.  Further examination

of Tayman Drive Settlement Instrument No. 1 reveals the notation "ASSIGNMENT OF

FUNDS….FROM MILLWOOD GP…..OUR FILE CPC05-8641.[8]

63.  As previously explicated following the sale of Shady Glen, Central caused

Buonassissi to be the beneficiary of a wire in the amount of $153,869.11.  The Debtor

Thanh Hoang on behalf of Millwood GP directed Central to wire Buonassissi proceeds in

the amount of $153,869.11 as appears by reference to that *Assignment of Funds* dated

June 24, 2005; a copy of said Assignment of Funds is attached and incorporated by

reference herein as "Exhibit 31." [9]  All of the equity and ownership in Shady Glen and

Millwood GP is owned by your Plaintiff/Trustee.

64.  All of the monies represented by Tayman Drive Settlement Instrument No. 1

are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the

---

[8] The *Disbursement Statement* for the sale of Shady Glen prepared by Central reflects the Order No."CPC05-8641;" see copy of said *Disbursement Statement* attached hereto and incorporated by reference herein as "Exhibit 30."
[9] Your Plaintiff/Trustee asks this Court to note that the said *Assignment of Funds* allegedly executed by the Debtor Thanh Hoang is in the handwriting that appears suspiciously similar to known examples of handwriting of the Debtor Minh Vu Hoang.

proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Tayman Drive Settlement Instrument No. 1 are the property of the Defendants herein.

**Tayman Drive Settlement Instrument No. 2**

65.  Tayman Drive Settlement Instrument No. 2 reveals that the same is a wire confirmation from the beneficiary Buonassissi of a wire received on June 27, 2005 in the amount of $287,214.84 originated from Central Processing Center.  Further examination of Tayman Drive Settlement Instrument No. 2 reveals the notation "ASSIGNMENT OF FUNDS….FROM ROSECROFT GP…..OUR FILE CPC05-8650.[10]

66.  As previously explicated following the sale of Wolf Street, Central caused Buonassissi to be the beneficiary of a wire in the amount of $287,214.84.  The Debtor Thanh Hoang on behalf of Rosecroft GP directed Central to wire Buonassissi proceeds in the amount of $287,214.84 as appears by reference to that *Assignment of Funds* dated June 24, 2005; a copy of said Assignment of Funds is attached and incorporated by reference herein as "Exhibit 32." [11]   All of the equity and ownership in Wolf Street and Rosecroft GP is owned by your Plaintiff/Trustee.

67.  All of the monies represented by Tayman Drive Settlement Instrument No. 2 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Tayman Drive Settlement Instrument No. 2 are the property of the Defendants herein.

---

[10] This matches the file No. recited on the sale *HUD-1 Settlement Statement* for Wolf Street, see Exhibit 22.
[11] Your Plaintiff/Trustee asks this Court to note that the said *Assignment of Funds* allegedly executed by the Debtor Thanh Hoang is in the handwriting that appears suspiciously similar to known examples of handwriting of the Debtor Minh Vu Hoang.

### *Post Closing Activities Regarding Tayman Drive*

68.  Upon receipt of the balance of the purchase price and all expenses, Buonassissi tendered unto Defendant Bay GP its *Substitute Trustee's Deed* dated July 22, 2005 conveying Tayman Drive unto Bay GP.  See copy of said *Substitute Trustee's Deed* being attached hereto and incorporated by reference herein as "Exhibit 33."

69.  Notwithstanding Buonassissi's execution and delivery of the *Substitute Trustee's Deed* as aforesaid, the Debtors Minh Vu Hoang and Thanh Hoang and the Defendants Bay GP, Alex Le and Uy Hoang failed to cause the same to be recorded among the Land Records of Anne Arundel County, Maryland.

70.  Your Plaintiff/Trustee seeks a declaration by this Court confirming his ownership of all of the fee simple title to Tayman Drive.

71.  Further, your Plaintiff/Trustee seeks authority from this Court permitting your Plaintiff/Trustee *pendente lite* to take possession and control of Tayman Drive and to manage said property including the rental of the same.  Further, your Trustee seeks authority from this Court to market and list Tayman Drive for sale and further authorizing your Plaintiff/Trustee to consummate a sale of Tayman Drive upon proper compliance with the provisions of the Bankruptcy Code and Rules of Procedure.

72.  Finally, in order to protect the interests of all parties, your Plaintiff/Trustee seeks an Order requiring the Plaintiff/Trustee hereafter to account for all income and expenses related to Tayman Drive and requiring him administratively to segregate all such funds pending this Court's final ruling on the merits of the instant litigation.

**Count I**
**(Declaratory Relief)**

73.  The allegations contained in Paragraphs 1 through 72, *supra,* hereby are incorporated by reference in the body of this Count I as if fully set forth herein.

74.  The instant case presents an actual controversy within the jurisdiction of this Court upon which this Court may declare the rights and other legal relations of the Plaintiff/Trustee and the Defendants Bay GP, Alex Le and Uy Hoang with regard to the ownership of Tayman Drive.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.      DECLARE that Tayman Drive is the lawful property of the Plaintiff/Trustee and the Bankruptcy Estates herein.

2.      IMPOSE a constructive trust upon Tayman for the exclusive benefit of the Plaintiff/Trustee and the Bankruptcy Estates herein.

3.      DECLARE that Defendants Bay GP, Alex Le and Uy Hoang are without any legal right, title or interest in Tayman Drive.

4.      DECLARE that the Trustee is entitled to all dominion and control over Tayman Drive.

5.      ORDER such other and further relief as the nature of this cause and the interests of justice may require.

**Count II**
**(Turnover of Property to the Estate)**

75.  The allegations contained in Paragraphs 1 through 74, *supra,* hereby are incorporated by reference in the body of this Count II as if fully set forth herein.

76.  The property known as Tayman Drive is the property of the Estates as defined

in 11 U.S.C. §541 which the Plaintiff/Trustee may use, sell or lease pursuant to 11 U.S.C. § 363. As such, Defendants Bay GP, Alex Le and Uy Hoang are obliged and should be required to deliver control of Tayman Drive to the Trustee and account for Tayman Drive (including, *inter alia,* all rental or other income derived therefrom since June 27, 2005) or the value thereof pursuant to 11 U.S.C § 542(a).

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.    ORDER Defendants Bay GP, Alex Le and Uy Hoang be required by a date certain to provide to the Trustee and file herein a complete accounting of all income derived from July 27, 2005 to date for Tayman Drive.

2.    ORDER the Defendant Buonassissi to execute and deliver unto the Plaintiff/Trustee a good and sufficient Deed to Tayman Drive in form and content sufficient to effect change of record title thereto among the Land Records of Anne Arundel County, Maryland.

3.    AUTHORIZE and DIRECT Gary A. Rosen, Trustee, *pendente lite*, to take possession of and manage Tayman Drive, including the rental thereof; subject to the obligation of the Trustee to administratively segregate the funds derived from Tayman Drive and to account for the same from time to time.

4.    ORDER such other and further relief as the nature of this cause and the interests of justice may require.

**Count III**
**(Sale Free and Clear)**

77.  The allegations contained in Paragraphs 1 through 84, *supra,* hereby are incorporated by reference in the body of this Count III as if full set forth herein.

78.  Tayman Drive constitutes property of the Estates.

79.  The purported interest of the Defendants Bay GP,  Alex Le and Uy Hoang in Tayman Drive is in *bona fide* dispute as described aforesaid and as contemplated in 11 U.S.C. § 363(f)(4).

80.  Your Trustee desires to sell Tayman Drive free of the interests of the Defendants Bay GP, Alex Le and Uy Hoang.

81.  Your Trustee proposes to market and sell Tayman Drive through the utilization of the local multiple listing services of an agent to be approved by this Court. Upon receipt of an offer acceptable to him, your Trustee proposes to provide *Notice* of his intended sale of Tayman Drive as required by the provisions of 11 U.S.C. § 363(b) and the Bankruptcy Rules of Procedure.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.    AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to sell Tayman Drive free and clear of all interests of all of the Defendants with all such valid interests, if any, attaching to the net proceeds derived from the sale.

2.    AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to list Tayman Drive for sale with a multiple listing service through the offices of a real estate agent to be approved by this Court upon proper *Application* therefore by the Trustee with any sale subject to notice to all parties-in-interest and opportunity to object thereto as provided by the Bankruptcy Code and Rules of Procedure.

3.    ORDER such other and further relief as the nature of this cause and the interests of justice may require

Dated:  7/16/09

Respectfully submitted,
GARY A. ROSEN, CHARTERED


By:___/s/ Gary A. Rosen_____
Gary A. Rosen
One Church Street, Suite 802
Rockville, Maryland 20850-4158
Telephone (301) 251-0202


SCHLOSSBERG & ASSOCIATES


By:___/s/ Roger Schlossberg_____
Roger Schlossberg
134 West Washington Street
P.O. Box 4227
Hagerstown, Maryland 21741-4227
Telephone (301) 739-8610

Attorneys for Trustee